**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-872-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jorge Avena-Pardo, | ) | |
| Defendant. | ) | |

The Court sentenced Defendant Jorge Avena-Pardo on June 12, 2006. Because an appeal is likely in this case, the Court enters this order to provide a complete explanation of its sentencing decision. These matters were covered on the record during the sentencing hearing, but the Court recounts them here to ensure that the reasons for its decision are clear.

The Court overruled Defendant's objection to the criminal history calculation contained in paragraphs 51 and 52 of the Presentence Investigation Report. The Court concluded that Defendant's prior felony conviction need not be proven to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). The Court took judicial notice of Defendant's plea agreement and the court's judgment in CR04-01279-002-PHX-MHM to confirm Defendant's prior felony conviction.

The Court also overruled Defendant's objection to the conclusion in paragraph 84 of the Presentence Investigation Report that no circumstances in this case warrant a downward departure under the Guidelines. The Ninth Circuit made clear in *United States v. Caperna*, 251 F.3d 827, 830-31 (9th Cir. 2001), that the disparity in sentences between Defendant and

his co-defendant is not a basis for a downward departure under the Guidelines if the co-defendant was convicted of a different crime. Not only was the co-defendant convicted of a different crime, but he also played a different role in the criminal activity. Evidence presented at trial made clear that Defendant gave orders to and directed the actions of the co-defendant, and at times the co-defendant sought to restrain Defendant in his threatening of the hostage victims.

The Court sentenced Defendant to 300 months on Counts 1 and 2 and 120 months on Count 4, all of these sentences to be served concurrently. The Court sentenced Defendant to an additional 84 months on Count 3, to be served consecutively to the sentences on the other counts. Thus, the total sentence imposed in this case was 384 months (32 years). The Court concluded that this sentence was reasonable under the factors set forth in 18 U.S.C. § 3553(a).

The Court considered the nature and circumstances of the offense. *See* § 3553(a)(1). This was a violent crime that reflected a wanton disregard for human life. Defendant and those under his direction pulled a truck over on the freeway and, at gun point, took the occupants of the truck hostage. The hostages were then held at gun point in a house in Phoenix, Arizona, while ransom was demanded from their families and friends. Defendant and those under his direction threatened the hostages with death, telling them that they would be taken into the desert and left to die if the ransom was not paid. Five of the victims testified at trial about this treatment.

The Court also considered the history and characteristics of the Defendant. *Id.* Defendant entered the United States illegally on more than one occasion and previously was convicted for the felony offense of possessing a weapon as an illegal alien. The current offense reflects Defendant's willingness to prey on others for his own gain, particularly those who are vulnerable.

The Court considered the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, and deter other criminal conduct. *See* § 3553(a)(2)(A), (B). This crime implicates each of these considerations. A

substantial sentence is required to provide a just punishment for one who deliberately threatens the lives of others for his own financial gain.  Deterrence of similar conduct through substantial criminal penalties is required in this age of rampant border and smuggling crime.  Those who prey on illegal immigrants at the border need to understand the severe penalty they will face for such conduct.

The Court considered the Sentencing Guidelines.  *See* § 3553(a)(4).  The Guidelines recommended a life sentence for Defendant.  Additionally, the crime in Count 3 invoked a statutory mandatory minimum sentence of 84 months.  Defense counsel recommended that the Court impose a total sentence slightly in excess of ten years, the maximum sentence offered by the government in plea negotiations.  Counsel for the government recommended a total sentence of 33 years.  The Court found that the defense recommendation did not adequately reflect the seriousness of this offense, and that compromise offers made by the government during pretrial plea negotiations cannot provide a benchmark for the sentence to be imposed after Defendant has been convicted of all counts by a jury.  The Court also concluded, however, that a crime not involving physical injury or death to any person does not warrant life imprisonment.  Under the discretion recognized by the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005), the Court accordingly imposed a sentence of 25 years on three of the counts, to be followed by the statutory mandatory minimum sentence of seven years for Count 3.  Defendant is a young man, 23 years of age.  This 32-year sentence will ensure that he spends the majority of his natural life in prison for his predatory acts.  The Court finds that the sentence is reasonable under the factors set forth in § 3553(a).

DATED this 13th day of June, 2006.

_____
David G. Campbell
United States District Judge